J-S76013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KELVIN D. BROWN | : | |
| | : | No. 3309 EDA 2016 |
| Appellant | : | |

Appeal from the Judgment of Sentence October 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000355-2010
CP-51-CR-0001513-2010
CP-51-CR-0001514-2010

BEFORE: PANELLA, J., STABILE, J., and PLATT*, J.

JUDGMENT ORDER BY PANELLA, J. **FILED MARCH 27, 2018**

Appellant raises four issues on appeal. *See* Appellant's Brief, at 7. He addresses all four in just 4½ pages of argument. In the entire brief, there is not a single citation to the notes of testimony from either the trial or sentencing.

Apart from the woefully deficient legal arguments supporting each issue, there is a glaring problem with our ability to review these issues—the trial transcripts (from the multi-day trial) and the sentencing transcript are not in the certified record.

It is an appellant's responsibility to ensure the certified record contains all the items necessary to review his claims. ***See***, ***e.g.***, ***Commonwealth v. Tucker***, 143 A.3d 955, 963 n.3 (Pa. Super. 2016). The Rules of Appellate

_____

* Retired Senior Judge assigned to the Superior Court.

Procedure mandate this. **See** Pa.R.A.P. 1911(a) (mandating that an "appellant shall request any transcript required"). And Rule 1911 even provides a suggested form for an appellant to use. **See id**., at (c).

Furthermore, the Court of Common Pleas of Philadelphia County had a local rule of judicial administration that, at the time Appellant filed his notice of appeal, provided an appellant must request a transcript using a "Transcript Order Form." **See** Phila. R.J.A. No. 5000.5(a).[1] When a litigant is requesting the transcript for the purpose of an appeal, the form must be filed with the trial court as well as with the Prothonotary of the appropriate appellate court. **See id**., at (c)(1),(2)(i, x). **See also** The Philadelphia Courts, Court Reporter and Interpreter Services, https://www.courts.phila.gov/departments/courtreporters.asp (last visited 3/6/18).

Regarding missing transcripts, this Court has stated that it "is not proper for … the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*). And "any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." **Id**. (citation omitted). **See also Commonwealth v. Petroll**, 696 A.2d 817, 836 (Pa.

---

[1] The applicable rule has since been revised and renumbered, effective January 6, 2018. **See** Phila. R.J.A. No. 4007. **Requests for Transcripts**.

Super. 1997) ("When a claim is dependent on materials not provided in the certified record, that claim is considered waived.")

There is no indication in the certified record that Appellant[2] made any effort to comply with Rule 1911 or the requirements imposed by the local rule.[3] And there is no indication in the docket sheets that the transcripts were ever filed of record. Accordingly, we find Appellant's issues waived.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/18

---

[2] The trial court appointed Robert J. Dixon, Esquire, to represent Appellant on appeal.

[3] In his notice of appeal, Appellant includes the statement "Notice of Appeal and Proof of service to be served on the following: … COURT STENOGRAPHER, 100 South Broad Street, 2nd Floor, Phila., PA 19110[.]" This is insufficient to establish compliance with the applicable rules.